No. 790

YOCKEY et v. BUCHER et.

Ohio Appeals, 9th Dist., Wayne Co.

No. 834. Decided Oct. 21, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

489. EXEMPTIONS—615. **Husband and Wife—Where husband demands exemption in lieu of homestead and prosecutes action to obtain same, no question of waiver being involved, wife has no right to make subsequent demand.**

Error to Common Pleas.
Judgment affirmed.

L. D. Cornell, Wooster, for Yockey et.
Weygandt & Ross, Wooster, for Bucher et.
STATEMENT OF FACTS.

E. L. Yockey and his wife, sued the sheriff and his bondsmen, to recover damages for the selling of their property, under execution against them. They claimed the property was exempt, and that, for the exemption, they had made due demand.

As a defense, it was claimed that the husband demanded the property sold, as exempt in lieu of a homestead, in a proceeding in the Probate Court; that said court determined that he was not entitled to such exemption, and that said determination was not reversed, and is therefore, binding upon the husband. As a further defense, it was claimed that the husband brought a proceeding in the Common Pleas Court, which was afterwards appealed to this court, in which he claimed said property as exempt and sought to compel the sheriff to set the same off to him, and that said cause was determined against the husband and that said judgment was binding upon him and was a complete defense to this action.

A jury was waived and the case was tried to the court, and the court found, on the issues joined, in favor of the defendant.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

PER CURIAM.

In this action, the wife is a party plaintiff with the husband, and it is claimed that she is not precluded by the judgments referred to, and that after said judgments had been rendered and before sale, she made an independent demand of the sheriff to have said property set off as exempt and not sold under the execution and that the sheriff disregarded her demand and sold the property; and it is claimed that she may maintain this action against the sheriff even though the husband

is prevented from doing so by the adjudications mentioned.

G. C. Sec. 11730 provides that "the husband, or in case of his failure or refusal, the wife, may make the demand therefor."

"The right to demand it is primarily that of the husband alone, the wife having no right to make the demand unless the husband fail or refuse to make it." Aultman, Miller & Co. v. Wilson, 55 OS. 145.

In Dean v. McMullen, 109 OS. 309, it is held that an agreement, in a lease, to waive such exemption is void as against public policy, and that the husband's waiver of such exemption, contained in a lease, does not deprive the wife of the right to claim such exemption.

We hold in this case that where the husband demands such exemption and prosecutes an action to obtain the same, and there is no question of waiver involved, the wife has no right to make a subsequent demand, for the reason that the statute gives her that right only when the husband fails or refuses to make such demand.

The wife's subsequent demand therefore was of no force or effect.

(Washburn, PJ. and Funk and Pardee, J., concur.)